## ALADDIN MFG. CO. v. MANTLE LAMP CO. OF AMERICA.

### No. 5834.

Circuit Court of Appeals, Seventh Circuit.

Oct. 13, 1936.

Maurice S. Cayne, of Chicago, Ill., for appellant.

George I. Haight and W. H. F. Millar, both of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

### PER CURIAM.

Appellant seeks reversal of the decree which was entered in the above cause following the filing of the mandate of this court [78 F.(2d) 426] in the District Court.

It is by appellant argued that the decree should be limited to an injunction against future infringement of appellee's trademark and the further practice of unfair trade methods. It denies that an accounting of appellant's profits, or damages which the appellee may have suffered, should be included in the decree.

An examination of the mandate and the opinion of this court shows that we unfortunately omitted any and all reference to damages. However, directions were given to enter a decree in accordance with the views expressed in the opinion and we agree with the District Judge that such views necessitated the inclusion of an accounting of profits and damages.

Appellant now argues that the record affirmatively shows laches on appellee's part sufficient to bar its right to recover damages or profits. It was our belief, and we should have expressed ourselves more specifically and directly, that the reference for the accounting should cover not only the issues of damages and profits but also include any evidence which would justify the allowance of exemplary as well as compensatory damages. It should also permit appellant to introduce evidence which tends to establish laches, estoppel, or any other defense which would bar, or mitigate the amount of, damages which appellee might otherwise recover.

While the decree which was entered by the District Court is capable of such construction, we think, for the sake of clarity and because of the failure of our previous opinion to direct an accounting, that the decree should be reversed, and it is reversed, with the direction that on the accounting appellee should be permitted to introduce any and all evidence bearing upon the amount of its recovery either as profit or damage, compensatory or exemplary, and that appellant should be permitted to offer any evidence which would tend to defeat or restrict the amount otherwise recoverable. Each side shall pay the costs by it incurred on this appeal.